UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
JENNA CRENSHAW, ANDREW BRICKLEY,            )
CHRISTIANO DUTRA, SHAUNTAY KING,            )
KRYSTLE STRANGIS,                           )
and all others similarly situated,          )
                 Plaintiffs,                )
                                            )
v.                                          ) Civil Action No. 11-CA-10549
                                            )
TEXAS ROADHOUSE, INC., TEXAS                )
ROADHOUSE MANAGEMENT CORP.,                 )
TEXAS ROADHOUSE HOLDINGS LLC,               )
TEXAS ROADHOUSE OF EVERETT, LLC,            )
d/b/a Texas Roadhouse,                      )
                 Defendants.                )
_____ )

**DEFENDANTS' ANSWER AND JURY DEMAND**

**I.     INTRODUCTION**

1.     The Defendants admit that Texas Roadhouse Management Corp. ("Management") provides management services and employees for all Texas Roadhouse restaurants in Massachusetts. The Defendants admit that Texas Roadhouse Holdings LLC ("Holdings") has a contractual agreement with Management to provide management and employee services to the individual restaurants including those in Massachusetts. The Defendants admit that Texas Roadhouse of Everett, LLC ("Everett") owns a Texas Roadhouse restaurant in Everett, Massachusetts (collectively referred to as the "Defendants"). The Defendants deny the remaining allegations in paragraph one of the Amended Complaint.

2.     The Defendants deny the allegations in paragraph two of the Amended Complaint.

3. Paragraph three of the Amended Complaint contains a request for relief, to which no response is required. To the extent that paragraph three of the Amended Complaint contains any allegations of wrongdoing on the part of any Defendant, such allegations are denied.

## II. PARTIES

4. The Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff, Jenna Crenshaw is a resident of Everett, Massachusetts. The Defendants admit that she worked at the Texas Roadhouse in Everett and served food and beverages. The Defendants deny the remaining allegations in paragraph four of the Amended Complaint.

5. The Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to residency in paragraph five of the Amended Complaint, and thus can neither affirm nor deny those allegations. The Defendants admit that Andrew Brickley worked at the Texas Roadhouse in Everett and served food and beverages. The Defendants deny the remaining allegations in paragraph five of the Amended Complaint.

6. The Defendants lack sufficient information as to the truth of the allegations relating to residency in paragraph six of the Amended Complaint, and thus can neither affirm nor deny those allegations. The Defendants admit that Christiano Dutra worked at the Texas Roadhouse in Everett and served food and beverages. The Defendants deny the remaining allegations in paragraph six of the Amended Complaint.

-3-

7. The Defendants lack sufficient information as to the truth of the allegations relating to residency in paragraph seven of the Amended Complaint, and thus can neither affirm nor deny those allegations. The Defendants admit that Shauntay King worked at the Texas Roadhouse in Brockton and served food and beverages.  The Defendants deny the remaining allegations in paragraph seven of the Amended Complaint.

8. The Defendants lack sufficient information as to the truth of the allegations relating to residency in paragraph eight of the Amended Complaint, and thus can neither affirm nor deny those allegations. The Defendants admit that Krystle Strangis worked at the Texas Roadhouse in Brockton and served food and beverages.  The Defendants deny the remaining allegations in paragraph eight of the Amended Complaint.

9. Paragraph nine of the Amended Complaint contains conclusory statements to which no response is required.  To the extent that paragraph nine of the Amended Complaint contains any allegations of wrongdoing on the part of any Defendants, such allegations are denied.

10. The Defendants admit the allegations in paragraph ten of the Amended Complaint.

11. The Defendants admit the allegations in paragraph eleven of the Amended Complaint.

12. The Defendants admit the allegations in paragraph twelve of the Amended Complaint.

13. The Defendants admit the allegations in paragraph thirteen of the Amended Complaint.

14. The Defendants admit that Management provides managers and employees for Texas Roadhouse restaurants in Massachusetts. The Defendants deny the remaining allegations in paragraph fourteen of the Amended Complaint.

### III.   STATEMENT OF FACTS

15. The Defendants admit that servers are compensated at the rate of $2.63 per hour. Further answering, servers do receive gratuities. The Defendants deny the remaining allegations in paragraph fifteen of the Amended Complaint.

16. In some instances, servers contributed to tip pools distributed to and/or tipped out other wait staff employees. The Defendants expressly deny that gratuities were distributed to or retained by non wait staff employees.

17. The Defendants deny the allegations in paragraph seventeen of the Amended Complaint.

18. The Defendants admit hosts and hostesses at some Texas Roadhouse restaurants in Massachusetts legally participated in tip pools. The Defendants deny the remaining allegations in paragraph eighteen of the Amended Complaint.

19. The Defendants deny the allegations in paragraph nineteen of the Amended Complaint.

20. The Defendants deny the allegations in paragraph twenty of the Amended Complaint.

21. The Defendants deny the allegations in paragraph twenty-one of the Amended Complaint.

22. The Defendants deny the allegations in paragraph twenty-two of the Amended Complaint.

23. The Defendants deny the allegations in paragraph twenty-three of the Amended Complaint.

24. The Defendants deny the allegations in paragraph twenty-four of the Amended Complaint.

25. Paragraph twenty-five of the Amended Complaint states a legal conclusion to which no response is required. To the extent that paragraph twenty-five of the Amended Complaint contains any factual allegations, such allegations are denied.

26. Paragraph twenty-six of the Amended Complaint states a legal conclusion to which no response is required. To the extent that paragraph twenty-six of the Amended Complaint contains any factual allegations, such allegations are denied.

27. Paragraph twenty-seven of the Amended Complaint states a legal conclusion to which no response is required. To the extent that paragraph twenty-seven of the Amended Complaint contains any factual allegations, such allegations are denied.

28. Paragraph twenty-eight of the Amended Complaint states a legal conclusion to which no response is required. To the extent that paragraph twenty-eight of the Amended Complaint contains any factual allegations, such allegations are denied.

29. Paragraph twenty-nine of the Amended Complaint states a legal conclusion to which no response is required. To the extent that paragraph twenty-nine of the Amended Complaint contains any factual allegations, such allegations are denied.

30. Paragraph thirty of the Amended Complaint states a legal conclusion to which no response is required. To the extent that paragraph thirty of the Amended Complaint contains any factual allegations, such allegations are denied.

31. The Defendants lack sufficient knowledge to form a belief as to the allegations in paragraph thirty-one of the Amended Complaint.

### COUNT I

The Defendants deny the allegations in Count I of the Amended Complaint.

### COUNT II

The Defendants deny the allegations in Count II of the Amended Complaint.

### COUNT III

The Defendants deny the allegations in Count III of the Amended Complaint.

### COUNT IV

The Defendants deny the allegations in Count IV of the Amended Complaint.

### COUNT V

The Defendants deny the allegations in Count V of the Amended Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

The Plaintiffs and purported class members have failed to add indispensable parties to this litigation.

### Third Affirmative Defense

The Plaintiffs' and purported class members' claims are barred to the extent Plaintiffs and purported class members seek damages beyond the applicable limitations period.

### Fourth Affirmative Defense

Any recovery should be limited to the extent the Plaintiffs and purported class members have failed to mitigate any of the damages alleged in the Amended Complaint.

### Fifth Affirmative Defense

The Plaintiffs' and purported class members' claims are barred, in whole or in part, due to the lack of consideration.

### Sixth Affirmative Defense

The Plaintiffs' and purported class members' claims are barred, in whole or in part, pursuant to the statute of frauds.

### Seventh Affirmative Defense

The Plaintiffs' and purported class members' claims are barred, in whole or in part, due to the misnomer of a party.

### Eighth Affirmative Defense

The Plaintiffs and purported class members cannot establish that any acts or omissions of the Defendants were willful.

### Ninth Affirmative Defense

The Plaintiffs' and purported class members' claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

### Tenth Affirmative Defense

To the extent the Plaintiffs and purported class members are entitled to damages, the Defendants are entitled to a credit or set off against amounts overpaid to the Plaintiffs and purported class members during the relevant time period.

### Eleventh Affirmative Defense

The Plaintiffs' and purported class members' causes of action are barred to the extent they seek injunctive, declaratory, and/or other relief, in light of the fact that the Plaintiffs and purported class members have adequate remedies at law and have suffered no irreparable harm due to any alleged conduct by the Defendants.

### Twelfth Affirmative Defense

The Plaintiffs and purported class members cannot satisfy the prerequisites for certification of a class action under Fed.R.Civ.P.23, and therefore, cannot represent the interests of others.

### Thirteenth Affirmative Defense

Some or all of the Plaintiffs' and purported class members' claims are barred, in whole or in part, because the Plaintiffs lack standing.

### Fourteenth Affirmative Defense

The Plaintiffs' and purported class members' claims are barred to the extent that they have failed to exhaust their administrative remedies and/or prerequisites.

### Fifteenth Affirmative Defense

The Plaintiffs' and purported class members' claim of conversion is barred by their failure to make a demand on the Defendants.

### Sixteenth Affirmative Defense

The Plaintiffs' and purported class members' claims are barred by the doctrine of payment.

### Seventeenth Affirmative Defense

The Plaintiffs' and purported class members' common law claims are pre-empted by state statute.

### Eighteenth Affirmative Defense

Some or all of the Defendants are not employers of the Plaintiffs.

### Nineteenth Affirmative Defense

The Defendants have no written policy (or underlying writing) constituting an employment contract with the Plaintiffs.

### Twentieth Affirmative Defense

The Plaintiffs' and purported class members' damages are speculative.

### Twenty-First Affirmative Defense

Because the Amended Complaint is phrased in conclusory terms, the Defendants cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

### JURY DEMAND

The Defendants request a trial by jury on all counts of the Amended Complaint.

        **TEXAS ROADHOUSE, INC.,**
        **TEXAS ROADHOUSE MANAGEMENT**
        **CORP.,**
        **TEXAS ROADHOUSE HOLDINGS LLC,**
        **TEXAS ROADHOUSE OF EVERETT, LLC,**
         **d/b/a Texas Roadhouse,**
        By Their Attorneys,


*/s/Amy Cashore Mariani*
Amy Cashore Mariani, BBO #630160
amariani@fitzhughlaw.com
David J. Volkin, BBO #630743
dvolkin@fitzhughlaw.com
**FITZHUGH & MARIANI LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330


/s/ Jeffrey H. Lerer
Jeffrey H. Lerer, BBO # 294500
jlerer@foleyhoag.com
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: April 5, 2011

-11-

## **CERTIFICATE OF SERVICE**

I hereby certify that this document will be filed today through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 5, 2011.

Shannon Liss-Riordan, Esq.
sliss@llrlaw.com
Hillary Schwab, Esq.
hschwab@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

*/s/ Amy Cashore Mariani*
Amy Cashore Mariani