UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
JENNA CRENSHAW, ANDREW BRICKLEY,       )
CHRISTIANO DUTRA, SHAUNTAY KING,       )
KRYSTLE STRANGIS, KRISTIN MORENCY,     )
and all others similarly situated,     )
                                       )
                  Plaintiffs,          )
           v.                          )   Civil Action No.
                                       )   11-10549-JLT
                                       )
TEXAS ROADHOUSE, INC., TEXAS ROADHOUSE )   **JURY DEMANDED**
MANAGEMENT CORP., TEXAS ROADHOUSE      )
HOLDINGS, LLC, TEXAS ROADHOUSE OF      )   *Leave to file granted on*
EVERETT, LLC, d/b/a Texas Roadhouse,   )   *August 17, 2011*
                                       )
                  Defendants.          )
_____ )

**SECOND AMENDED CLASS ACTION COMPLAINT**

I.  **INTRODUCTION**

   1.   This is a class action brought on behalf of employees who have worked at Texas Roadhouse restaurants in Massachusetts, which are owned, operated and/or managed by Defendants Texas Roadhouse, Inc., Texas Roadhouse Management Corp., Texas Roadhouse Holdings, LLC, and/or Texas Roadhouse of Everett, LLC, and have been subject to the unlawful practices described herein.  The named Plaintiffs allege that the Defendants have violated the Massachusetts Tips Statute, Mass. Gen. L. c. 149 § 152A, through the practice of non-managerial employees who serve food and/or beverages to customers ("wait staff employees") sharing gratuities with employees who are not wait staff employees and are therefore not entitled to share in wait staff employees' gratuities.  The named Plaintiffs also allege that Defendants have violated Mass. Gen. L. c. 149 § 148 by having the wait staff employees pay Defendants'

administrative expenses (which are ordinary costs of doing business) by supplementing the wages of other employees out of their tips and by paying other employees out of their tips to perform work for the Defendants.  Further, as a result of their unlawful practices concerning gratuities, Defendants have violated the Massachusetts Minimum Wage Act,  M.G.L. c. 151 §§ 1 and 7, by improperly applying a "tip credit" against the wages paid to their employees and thereby paying them less than the Massachusetts minimum wage.

2. The named Plaintiffs also allege that Defendants' practices violate the common law.  Specifically, Plaintiffs allege that Defendants have breached contractual obligations not to take the tip credit against the minimum wage unless they were complying with Mass. Gen. L. c. 149 § 152A and not to have their wait staff employees pay over portions of their tips to non-wait staff employees and to pay Defendants' administrative expenses.  Plaintiffs also, and in the alternative, allege that Defendants have been unjustly enriched by wrongfully having their wait staff employees supplement the wages of non-wait staff employees and pay other administrative expenses of Defendants.

3. In this action, the Plaintiffs now seek restitution for themselves and all other employees who have not received the gratuities to which they are entitled and/or have been paid an hourly rate that is less than the Massachusetts minimum wage.  The Plaintiffs also seek statutory trebling of damages, interest, attorneys' fees, and costs, and any other relief that the Court deems proper, all as provided for by law.  Plaintiffs also seek recovery for damages for Defendants' breach of contract and/or for *quantum meruit* recovery for their unjust enrichment claim.

## II. **PARTIES**

4. Plaintiff Jenna Crenshaw is a resident of Everett, Massachusetts, and was employed serving food and beverages at the Texas Roadhouse in Everett from approximately 2008 to May 2010.  Her hourly rate of pay was $2.63.

5. Plaintiff Andrew Brickley is a resident of Andover, Massachusetts, and was employed serving food and beverages at the Texas Roadhouse in Everett from approximately April 2008 to July 2008, and again from January 2010 to June 2010.  His hourly rate of pay was $2.63.

6. Plaintiff Christiano Dutra is a resident of Everett, Massachusetts, and was employed serving food and beverages at the Texas Roadhouse in Everett from approximately 2008 to May 2010.  His hourly rate of pay was $2.63.

7. Plaintiff Shauntay King is a resident of Brockton, Massachusetts, and was employed serving food and beverages at the Texas Roadhouse in Brockton from approximately September 2004 to November 2008.  Her hourly rate of pay was $2.63.

8. Plaintiff Krystle Strangis is a resident of Brockton, Massachusetts, and was employed serving food and beverages at the Texas Roadhouse in Brockton from approximately January 2009 to September 2010.  Her hourly rate of pay was $2.63.

9. Plaintiff Kristin Morency is a resident of Lawrence, Massachusetts, and has been employed serving food and beverages at the Texas Roadhouse in Methuen since approximately 2004.  Her hourly rate of pay is approximately $2.63.

10. This is a class action that the above-named Plaintiffs bring on their own behalves and on behalf of all others similarly situated, namely all other employees who have been wait staff employees at Texas Roadhouse restaurants in Massachusetts and

have shared portions of their gratuities with non-wait staff employees and/or who have been paid an hourly rate that is less than the Massachusetts minimum wage.

11. Defendant Texas Roadhouse, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky.

12. Defendant Texas Roadhouse Management Corp. is a Kentucky corporation with its principal place of business in Louisville, Kentucky.

13. Defendant Texas Roadhouse Holdings, LLC, is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky. Upon information and belief, Texas Roadhouse, Inc. owns Texas Roadhouse Holdings, LLC.

14. Defendant Texas Roadhouse of Everett, LLC, is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky.

15. Upon information and belief, Defendants operate approximately eight Texas Roadhouse restaurants in Massachusetts (including restaurants in Brockton, Danvers, Everett, Leominster, Methuen, North Dartmouth, Springfield, and Worcester) and are responsible for the management of these restaurants, including setting employee pay rates and day-to-day supervision of employees in their job duties.

### III. **STATEMENT OF FACTS**

16. Wait staff employees at Texas Roadhouse restaurants in Massachusetts are compensated with an hourly wage of approximately $2.63 per hour, plus gratuities.

17. However, these employees have not retained all gratuities left by customers.

18. Instead, there has been a policy and practice at Texas Roadhouse restaurants in Massachusetts of wait staff employees sharing gratuities with non-wait staff employees.

19. For example, wait staff employees have shared gratuities with hosts and hostesses, who do not meet the definition of "wait staff employee" in the Massachusetts Tips Statute, Mass. Gen. L. c. 149 § 152A, and therefore are not permitted to share in gratuities.

20. The Defendants have applied a portion of the gratuities paid by customers to supplement the hourly income of hosts and hostesses, who are paid below minimum wage.

21. In addition to the tip-share with hosts and hostesses, etc., as described above, wait staff employees at Texas Roadhouse restaurants in Massachusetts have distributed a portion of their gratuities to employees (such as silverware rollers) who perform non-serving work and are not involved in serving food and/or beverages to customers.

22. Wait staff employees at Defendants' restaurants are required either to complete extensive non-serving work during their shifts while being paid the tipped minimum wage of $2.63 per hour or to pay other employees out of their tips to do this work instead.

23. The work that wait staff employee pay other employees out of their tips to complete includes rolling silverware and cleaning the kitchen, *inter alia*.

24.     Through wait staff employees sharing their gratuities with these non-wait staff employees, Defendants have been impermissibly and unlawfully having wait staff employees pay Defendants' administrative payroll expenses out of their gratuities.

25.     The wait staff employees have been deprived of payments to which they are entitled.

26.     Wait staff employees at Defendants' restaurants have been paying Defendants' administrative payroll costs for, *e.g.*, hosts and hostesses and these other employees who are paid from wait staff employees' tips to complete non-serving work, which costs are ordinary costs of doing business for Defendants.

27.     Defendants have been unjustly enriched to the detriment of the wait staff employees by wait staff employees paying money out of their tips to pay for the administrative payroll expenses of other employees and by paying wait staff employees and other employees less than the Massachusetts minimum wage while failing to comply with the requirements for doing so.

28.     Because these wait staff employees have not been permitted to retain the total proceeds of their tips, the Defendants have not been eligible to claim the "tip credit" against the minimum wage and thus have been obligated to pay all of their employees the full minimum wage.

29.     Under Massachusetts law, Defendants have been required to post a poster in the workplace issued by the Massachusetts Attorney General that informs employees of their rights under the Massachusetts wage laws.

30.     That poster states, *inter alia*:

a. "Tip pooling in which tips are distributed to any person not a wait staff, service employee or service bartender is prohibited."

b. "Total proceeds of a tip or service charge contained in a bill must be remitted only to wait staff employees, service employees or service bartenders in proportion to the service provided by those employees."

c. "Under no circumstances may management employees or owners receive any portion of their employees' tips."

31.     By failing to comply with the requirements of Massachusetts law, as set forth in this poster and otherwise, Defendants have breached contractual obligations to their wait staff employees.

## IV.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

32.     Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Plaintiffs filed their statutory claims with the Office of the Attorney General and have received right to sue letters in order to proceed on these claims in court.

**COUNT I**

MASSACHUSETTS GENERAL LAW CHAPTER 149 § 152A

Defendants' conduct, as set forth above, violates Mass. Gen. L. c. 149 § 152A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT II**

FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF STATE LAW

Defendants' conduct in failing to pay all of their employees the minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates Mass. Gen. L. c. 151 §§ 1 and 7.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

**COUNT III**

PAYMENT OF ADMINISTRATIVE EXPENSES

Wait staff employees' payment of Defendants' administrative payroll expenses, which are ordinary costs of doing business, violates Mass. Gen. L. c. 149 § 148.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT IV**

BREACH OF CONTRACT

In violating the Massachusetts wage laws, as set forth above and as set forth in the poster that Defendants were required to post in the workplace, Defendants have breached contractual obligations to the wait staff employees.

**COUNT V**

UNJUST ENRICHMENT

Alternatively, Defendants have been unjustly enriched by wrongfully having their wait staff employees supplement the wages of non-wait staff employees and pay other administrative expenses of Defendants.  Plaintiffs are entitled to *quantum meruit* recovery on this claim.

**JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of a class of similarly situated individuals pursuant to Mass. Gen. L. c. 149 § 150 and/or Mass. R. Civ. P. 23;

2. Restitution for all gratuities not properly distributed to employees and that employees did not retain in violation of law;

3. Restitution for the full Massachusetts minimum wage;

4. An injunction ordering Defendants to comply with Mass. Gen. L. c. 149 § 152A and Mass. Gen. L. c. 151 §§ 1 and 7;

5. Statutory trebling of all damages;

6. Recovery for Defendants' breach of contract;

7. *Quantum meruit* recovery for Defendants' unjust enrichment to the detriment of the wait staff employees;

8. Pre- and post-judgment interest;

9. Attorney's fees and costs; and

10. Any other relief to which the employees may be entitled.

Respectfully submitted,

JENNA CRENSHAW, ANDREW BRICKLEY, CHRISTIANO DUTRA, SHAUNTAY KING, KRYSTLE STRANGIS, KRISTIN MORENCY, and all others similarly situated,

By their attorneys,

 /s/ Hillary Schwab
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Sara Smolik, BBO #661341
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: sliss@llrlaw.com, hschwab@llrlaw.com, ssmolik@llrlaw.com

Dated:     August 19, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2011, a copy of this document was served by hand delivery on Amy Cashore Mariani, Esq. and David Volkin, Esq., Fitzhugh & Mariani LLP, 155 Federal Street, Suite 1700, Boston, MA 02110, counsel for Defendants.

 /s/ Hillary Schwab
Hillary Schwab, Esq.